# EXHIBIT B

**HERMAN**MATHIS
HERMAN, MATHIS, CASEY, KITCHENS & GEREL, LLP

Suite 2260
230 Peachtree Street, NW
Atlanta, Georgia 30303
T 404.880.9500
F 404.880.9605
www.hermanmathis.com

Alexandria, VA
Atlanta, GA
Baltimore, MD
Boston, MA
Jackson, MS
Landover, MD

Milledgeville, GA
New Orleans, LA
Rockville, MD
San Diego, CA
Savannah, GA
Washington, DC

November 4, 2003

*Via Facsimile*
Mr. Kenneth J. Mayes
Chief Financial Officer
Fidelity Benefit Administrators, Inc.
201 International Circle, 4th Floor
Hunt Valley, MD 21030

   RE: *Herman Mathis / Fidelity Legal Representation*

Dear Mr. Mayes:

  Within the last week we have had the opportunity to speak with David Fishbone twice. Fidelity has asked Herman Mathis and its associated firms to represent it in PBM litigation involving Fidelity's insured plans and the self-insured plans for which Fidelity provides administrative services pursuant to agreement. As we explained to David, we have greatly enjoyed our relationship with the people of Fidelity and under normal circumstances would have no reservations about assuming this representation.

  Our concern, however, relates to the fact that Fidelity was likely a fiduciary for some purposes in its role as a TPA for the self-insured funds. That could result in a potential conflict if we were engaged or appointed to represent a plan or putative class of plans seeking to recover from their fiduciaries. While, based on the information we have to date, we do not envision any claims against Fidelity (or any other TPAs), an adverse party or counsel could raise such an alleged potential conflict to gain an advantage in litigation. David Fishbone has assured us, however, that there is no conflict because: (a) the self-insured funds independently choose their PBM(s) and contract with them directly, not through Fidelity; and (b) even if there were an actual or theoretical conflict, Fidelity would agree to waive any claim of conflict of interest in the event one should arise in the future.

  Based on these representations and understandings, we agree to accept representation in this case. This letter will serve as a general memorandum of agreement with a more formal retainer agreement to follow. The basis of the legal undertaking will be as follows:

  1. Herman Mathis and its associated firms will assume representation of Fidelity in the insured-claims case currently in litigation. It is our understanding that this action shortly will be transferred to federal court in St. Louis. As you know, at present we have cases pending in that same court. David Fishbone stated that the Fidelity case has not appeared on the docket in St. Louis. Herman Mathis will notify the clerk's office of our representation and request that the Fidelity case be joined with our litigation.

A PARTNERSHIP CONSISTING OF THE FOLLOWING LAW FIRMS AND THEIR PRINCIPALS:
HERMAN, HERMAN, KATZ & COTLAR, L.L.P. • THE MATHIS LAW FIRM, P.C. • CASEY, GERRY, REED & SCHENK, L.L.P. • KITCHENS & ELLIS • ASHCRAFT & GEREL, LLP

## HERMANMATHIS

Mr. Kenneth J. Mayes
Chief Financial Officer
November 4, 2003
Page 2

2. For its representation of Fidelity in the "St. Louis case," Herman Mathis will receive a fee of 26.5% of the total gross amount recovered in the case (calculated before the reimbursement of any costs), together with the reimbursement of all reasonable litigation costs advanced on your behalf, including any audit fees. Herman Mathis will attempt to recover attorneys' fees on your behalf from the defendants. Any fee amounts recovered from the defendants will be deemed "additional recovery" on which our 26.5% attorneys' fee will be based.

3. David Fishbone will obtain an assignment of claims from the self-insured funds for which Fidelity performs administrative services. Once these claims have been assigned, Fidelity will retain Herman Mathis to pursue self-insured claims on a case-by-case basis on terms to be negotiated based on the size of the plan, the likely recovery, the expected cost of litigation, and other relevant factors.

4. As part of our formal retainer agreement, Fidelity will agree to waive any conflict of interest that might be asserted or alleged to exist. While we do not anticipate any conflict, this provision is a cautionary measure designed to help prevent a self-insured fund, defendant or competing plaintiff's counsel from asserting a technical conflict to seek to remove us from a case.

I hope this correctly outlines our mutual agreement. If it does, please sign and date this letter below and return it to me by fax and first class mail. Time is of the essence in light of the pending transfer of Fidelity's case to the federal court in St. Louis. We will forward a more formal retainer agreement to you within the next ten business days. We look forward to working with you and appreciate your confidence in our firm.

Sincerely,

Edward C. Konieczny
Managing Partner

AGREED:   FIDELITY BENEFIT ADMINISTRATORS, INC.

By: _____   Dated: _____
Kenneth J. Mayes
Chief Financial Officer