IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. KNOX | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 12-2238 |
| HERMAN GEREL, LLP, ET AL. | : | |

## ORDER

**AND NOW**, this   7th   day of   January  , 2016, upon consideration of Plaintiff Thomas J. Knox's Motion for Partial Judgment on the Pleadings (ECF No. 46), and all papers submitted in support thereof and in opposition thereto, it is **ORDERED** as follows:

1. Plaintiff's Motion is **GRANTED**.  Judgment is entered on Count I of Plaintiff's Complaint, and the Court hereby declares that no attorney fees or costs are owed to Defendant Herman Gerel, LLP by Plaintiff in his individual capacity under the terms of the July 21, 2004 Retainer Agreement.

2. Counts I-IV of Defendant Herman Gerel, LLP's Counterclaim against Plaintiff Thomas J. Knox are hereby **DISMISSED** as moot.[1]

---

[1] In Counts I and II of Defendant Herman Gerel, LLP's Counterclaim against Plaintiff, it seeks to recover damages against Plaintiff for services provided under the terms of the July 21, 2004 Retainer Agreement ("Retainer Agreement").  As we have discussed in our corresponding Memorandum, Plaintiff was not a party to the Retainer Agreement and, therefore, cannot be held personally liable for services provided in connection with the Agreement.  In Counts III and IV of the Counterclaim, Defendant Herman Gerel, LLP seeks equitable remedies under theories of quantum meruit and unjust enrichment.  Because the validity of the contract has not been called into question by the parties, and Fidelity and the former Fidelity shareholders were the benefactors of services received under the terms of the Retainer Agreement, Herman Gerel, LLP has a full remedy available at law.  Therefore, Plaintiff cannot be held personally liable in equity for services provided in connection with the ESI litigation.  *See Southern Healthcare Sys., Inc. v. Health Care Capital Consol., Inc.*, 545 S.E.2d 882, 885 (Ga. 2001) ("A party cannot resort to equity if an adequate legal remedy is available." (citation omitted)); *see also Bank of Danielsville*

IT IS SO ORDERED.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.

---

*v. Seagraves*, 305 S.E.2d 790, 796 (Ga. Ct. App. 1983) ("Resort to an equitable remedy is not available where the party knowingly refuses to avail itself of its complete legal remedy.").